UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN IOANE TUPOU,<br><br>Defendant. | Case No. 23-cr-00248-AMO-4<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 379 |

Before the Court is Defendant John Ioane Tupou's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed on September 30, 2025. Dkt. No. 379. The Government filed an opposition. Dkt. No. 403. Tupou did not file a reply. The Court **DENIES** Tupou's motion for the reasons set forth below.

## I.    BACKGROUND

On June 10, 2024, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) plea agreement, Tupou pleaded guilty to one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) and one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a). Dkt. Nos. 38, 174. The Court sentenced Tupou to 42 months of imprisonment followed by a three-year term of supervised release, a $200 special assessment, and $986,041.24 in restitution for which he is jointly and severally liable with other defendants. Dkt. Nos. 286, 294, 336, 344. Tupou is currently serving his sentence at Federal Correctional Institution Phoenix. Dkt. No. 402-2 at 2.[1] His projected release date is January 29, 2028. *Id.*

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

United States District Court<br>Northern District of California

**II.    DISCUSSION**

Tupou moves for compassionate release under 18 U.S.C. § 3582.  As an initial matter, Tupou asks to serve the remainder of his sentence in home confinement.  However, "[a]uthority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons."  *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam).  Since the Court has no authority to designate where Tupou serves the remainder of his sentence, his motion is construed as asking for a sentence reduction.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that a court may modify a previously imposed sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf."  A court has the discretion under Section 3582(c)(1) to reduce a sentence only when three conditions are met: (1) extraordinary and compelling reasons warrant a reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) after considering the sentencing factors in Section 3553(a), the reduction is warranted under the particular circumstances of the case.  *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citing *United State v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022)).  A motion for compassionate release can be denied if any of these conditions are not satisfied.  *Id.*

Here, Tupou has not demonstrated extraordinary and compelling reasons exist to warrant a reduction in sentence.  Tupou points to his medical conditions of hypothyroidism and Graves' disease alongside his steps towards rehabilitation including participation in evidence-based recidivism reduction programs, acceptance of responsibility, and lack of disciplinary infractions.  Dkt. No. 379 at 4, 8, 15.  Starting with his medical conditions, these were known to the Court when it sentenced Tupou, Dkt. No. 274 at 2, and circumstances sufficient to reduce a sentence must generally "develop *after* sentencing."  *See Bryant*, 144 F.4th at 1126.  While one can still be eligible for compassionate release if their prior medical condition "later deteriorates so much that he begins experiencing extraordinary and compelling medical circumstances," *Bryant*, 144 F.4th at 1129, Tupou has not presently made that showing.  While Tupou alleges that he has not received timely medication refills and has gained weight due to improper medical treatment, he did not

United States District Court
Northern District of California

United States District Court
Northern District of California

submit any evidence to corroborate these allegations and his medical records only substantiate some weight gain. *See* Dkt. No. 379 at 5; Dkt. No. 394-5 at 23; *cf.* U.S.S.G. § 1B1.13(b)(1)(C) (noting that compassionate release is available when a detainee can show their medical conditions require "long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"). Moreover, if Tupou is not getting proper medical care, he should raise those issues with prison officials in the first instance. He does not show that he previously raised concerns about his medical care with prison officials or that officials failed to respond to such concerns. Finally, though "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances," Tupou's steps towards rehabilitation (considered either alone or in combination with his medical conditions) are insufficient to justify reducing his sentence. *See* U.S.S.G. § 1B1.13(d).

Further, even if Tupou demonstrated extraordinary and compelling reasons for a sentence reduction, the Section 3553(a) factors do not weigh in favor of a reduced sentence. These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner, and to protect the public from further crimes of the defendant; (3) the kinds of sentences available; (4) the sentences and ranges established by the Sentencing Guidelines; (5) relevant policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). Review of a few factors demonstrates the currently imposed sentence remains appropriate.

First, the nature and circumstances of the offense are serious. To summarize, Tupou helped organize and drive his co-conspirators to an armed robbery where approximately a million dollars' worth of jewelry and watches were stolen. Dkt. No. 266 at 2-6; Dkt. No. 274 at 6. Tupou's sentence resulted from a guilty plea under Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), where the Government agreed to recommend a sentence 15% below

the low-end of the guideline range. *See* Dkt. No. 266 at 9; Dkt. No. 274 at 11-12. The Court varied that recommended sentence downwards by 6 months. Currently, Tupou has served only approximately a quarter of his full sentence. *See* Dkt. No. 402-2 at 3. The sentence imposed remains necessary to reflect the seriousness of the offense and to endorse respect for the law. Moreover, Tupou's prior robbery convictions weigh against a sentence reduction, as granting a reduction would not promote the provision of just punishment for the offense or the protection of the public. *See* Dkt. No. 266 at 7; Dkt. No. 274 at 7. Though Tupou represents he is taking steps towards rehabilitation, that encouraging news alone does not outweigh the need for his sentence to reflect his offense and to protect the public.

## III.    CONCLUSION

Tupou's efforts at rehabilitation are encouraging, but for the foregoing reasons, his motion for compassionate release is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 27, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

4